[Civ. No. 11928.   Second  Appellate  District,  Division  One.—July  2, 1940.]

CHRIS  HANSEN  et  al.,  Appellants,  v.  JOHN  STEELE  et  al.,  Respondents.

(1)

Daniel A. Knapp for Appellants.

Kenneth J. Murphy for Respondents.

YORK, P. J.—This appeal from a judgment in favor of the respondents is presented to this court upon a bill of exceptions, from which it appears that appellants seek damages for injuries sustained by Elvera Hansen when she collided with a truck owned by respondent corporations, which was being operated by respondent Steele. The accident occurred at 5:45 o'clock in the afternoon of October 31, 1936, near the northeast corner of the intersection of Atlantic Boulevard and Sixtieth Street in the county of Los Angeles. Said boulevard is a public highway seventy feet in width running in a general northerly and southerly direction, the easterly half thereof being divided into three traffic lanes.

At the time in question, one Ray Mailhoit was driving his car south on Atlantic Boulevard and at its intersection with Sixtieth Street he made a "U" turn into the second lane of traffic on the east side of Atlantic and proceeded to the north. When the rear of his automobile was "about to leave" the northerly edge of an unmarked crosswalk on the northeast corner of the intersection, he saw Mrs. Hansen step into the street, whereupon he "hesitated" and brought his car "to practically a dead stop", allowing her to pass in front of him at a distance of about four feet, and then continued on his way.

In the meanwhile, respondent Steele, driving respondents' truck at a speed of from 20 to 25 miles per hour, was approaching the said intersection from the south in the first lane of traffic on the right or extreme east side of Atlantic Boulevard. Just before reaching Sixtieth Street, he slowed down to 10 or 15 miles per hour to allow another car to pass him. (Presumably this was the car driven by Ray Mailhoit which was completing its "U" turn into the boulevard.) Respondent Steele proceeded into the intersection and swerved his truck to the northwest into the third lane of traffic, passing to the left of the Mailhoit car which was traveling in the second or middle lane. The car and truck moved along together for a moment, and as the truck came abreast of the said car, respondent Steele observed Mrs. Hansen for the first time when she was about two feet away from the right side of his truck. Said Steele testified that Mrs. Hansen came from in front of the Mailhoit car; that she was "going plenty fast", and was struck by the right front fender of his truck; that the accident occurred about 35 feet north of the north sidewalk line of Sixtieth Street.

The witness Kime, who was driving northerly in the first traffic lane on the east side of Atlantic south of its intersection with Sixtieth Street, testified that he saw Mrs. Hansen start to cross the boulevard from east to west at a point about twenty feet north of the northerly curb line of Sixtieth Street; that the truck was traveling in the third lane of traffic near the center of the boulevard, and the Mailhoit car was in the second or middle lane; that the car and the truck traveled abreast for about fifteen feet, with a space of three or four feet intervening between the truck and the place where Mrs. Hansen passed in front of the Mailhoit car which had "stopped or hesitated, I wouldn't say which". He testified that Mrs. Hansen fell down in the spot where she was hit by the truck; that she was not dragged, and that he helped to pick her up at a point fifteen or twenty feet north of the north curb line of Sixtieth Street.

Mrs. Hansen testified that she was walking south an Atlantic and when she came to Sixtieth Street she stopped and saw an automobile make a "U" turn; that this automobile stopped when it was about three feet south and twenty feet west of her; that she stepped off the curb and started to cross Atlantic from east to west in front of said automobile at a point

just north of the unmarked crosswalk on the north side of the intersection; that as she stepped off the curbing she saw the lights of another car about seventy-five feet to the south of her which was traveling close to the east curb of Atlantic Boulevard. Immediately after passing the stopped car she again looked to the south but "didn't see anything", and also looked to the north; that she took "maybe two steps" when something hit her; that she was then in the "lane next to the middle of the street" on the east side of Atlantic. She sustained a broken right leg, a lacerated nose and other painful injuries.

At the conclusion of the trial which was heard by the court sitting without a jury, it was found, among other things, as follows:

"Said defendant, John Steele, at said time and place drove the said truck from a point south of the intersection of 60th Street and Atlantic Boulevard, passing a car parked near the eastern curb of Atlantic Boulevard a few feet south of 60th Street, into a position parallel with, and just west of, an automobile stopped in said intersection, said truck moving northerly at about 15 to 20 miles per hour in the third traffic lane of said boulevard westerly from the said eastern curb, without stopping his automobile at said stopped car, not anticipating the presence of a pedestrian crossing from the front of said stopped car. Said stopped car had come south on Atlantic Boulevard and had completed a U turn in the intersection just before the truck came alongside it. The movement of plaintiff from behind the stopped car was so rapid and her distance from the truck so short at that time that the truck could not be stopped by the exercise of reasonable care in time to prevent the collision.

"Plaintiff, Elvera Hansen, walked rapidly from the easterly side of Atlantic Boulevard westerly, crossing Atlantic Boulevard from a point north of said sidewalk area and crosswalk of 60th Street and Atlantic Boulevard, until she was struck near the northerly line of the crosswalk area by said truck, which she did not observe as she passed in front of and to the west of the car which had stopped for her to pass. . . .

"The court further finds that the sole and proximate cause of the happening of the accident and damages aforesaid was by reason of the negligence of the plaintiff, Elvera Hansen, in moving from a place of safety on the sidewalk and in

rapidly walking directly into the path of approaching traffic without using reasonable care for her own safety, and in failing to maintain a proper lookout for the approaching traffic; that the collision would not have occurred but for the negligence of the plaintiff herself to the exclusion of any negligence on the part of the defendants.''

Appellants made a motion for a new trial, the minute order denying the same reading as follows: ''Said motion is argued, submitted and is denied. Plaintiff left her safe position on the east walk north of the crosswalk and passed in front of a slowly moving car knowing there were two other cars near without accounting for them, although she testified that she looked after passing the car but did not see the truck or other approaching car.''

■ Appellants urge that respondent Steele was negligent *per se* in moving his truck from one traffic lane to another without first ascertaining that such movement could be done with safety (sec. 526, Vehicle Code); and that he violated section 560 of the Vehicle Code, to wit:

''(b) Whenever any vehicle has stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.'' And that such violation constituted negligence *per se* which was the proximate cause of the accident.

In this connection, it in indicated by both the evidence and the findings herein that Mrs. Hansen crossed Atlantic Boulevard at a point outside the unmarked crosswalk, i. e., approximately fifteen feet north of the sidewalk area of Sixtieth Street, consequently, the provisions of the cited code section could not properly be applied to the facts as they apparently exist in the instant case.

■ So far as the actions of appellant Elvera Hansen are concerned, there is no conflict: She walked rapidly across Atlantic Boulevard outside the crosswalk area in the face of approaching traffic. As she walked in front of the Mailhoit car, she was obscured from the view of respondent Steele, who therefore had no knowledge of her dangerous position until she collided with the right front fender of his truck. Likewise, appellant was unable to see beyond the Mailhoit car which either stopped or slowed down for her to pass;

therefore, it was incumbent upon her to exercise precaution before proceeding, and to ascertain whether or not she could continue her course across the third traffic lane upon which respondent Steele was approaching.

The question of the contributory negligence of a plaintiff is ordinarily one for the jury. (8 Cal. Jur. Supp. 396, and numerous authorities there cited.) "Contributory negligence, like defendant's negligence, becomes a question of law, however, when the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from these facts reasonable men can draw but one inference, namely, an inference pointing unerringly to or against contributory negligence upon the part of the plaintiff." (19 Cal. Jur. 736; 8 Cal. Jur. Supp. 400, and authorities there cited.)

Upon the material issues the evidence herein is not in conflict and presents a factual situation from which reasonable men can draw but one inference, i. e., that the appellant Elvera Hansen was guilty of contributory negligence which was the proximate cause of the accident.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 27, 1940.